IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NICHOLAS G. WILLARD, )
 )
   Plaintiff, )
 )
v. ) Case No. 23-761-D
 )
ELMER E. REYNOLDS an individual; )
And QUEST GLOBAL INC., )
 )
   Defendants. )

## ORDER

Before the Court is Defendant, Quest Global Inc.'s Motion to Compel Plaintiff's Responses to Quest Global, Inc's First set of Discovery Requests to Plaintiff, Nicholas G. Willard and Brief in Support [Doc. No. 21]. For the reasons stated herein, the motion is granted in part and denied in part.

## BACKGROUND

This case arises out of a vehicular accident between Defendant Quest Global Inc.'s[1] driver, Defendant Elmer E. Reynolds ("Mr. Reynolds"), and Plaintiff. Mr. Reynolds was at fault. Plaintiff's truck was damaged.

Plaintiff submitted a third-party insurance claim with Defendants' insurer, alleging property damage and lost wages resulting from the accident. Quest's insurer issued payment in the amount of $24,703.32 for property damage and $15,647.50 for Plaintiff's "downtime claim."

---

[1] Hereinafter, "Quest" or "Defendant."

1

After repairs, Plaintiff drove the vehicle for approximately 734 miles before the driver's side front wheel hub cracked. Plaintiff attempted to add this damage to his previous claim, which was denied. Plaintiff sent a demand letter and ultimately initiated this action.

Defendant filed the instant Motion to Compel, asking the Court to order Plaintiff to produce a privilege log and supplement discovery responses.

## STANDARD OF DECISION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). The considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Thus, "information is relevant if it 'bears on' or might reasonably lead to information that 'bears on' any material fact or issue in the action." 1 STEVEN S. GENSLER & LUMEN N. MULLIGAN, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 26; *see also Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 823 (W.D. Pa. 2016) ("As set forth in the advisory committee notes to the 2015 amendments to Rule 26(b)(1) and the standing committee's commentary with respect to its proposed 2015 changes to Rule 26(b)(1), the scope of discovery is limited to matter that is relevant to claims or defenses and is proportional to the needs of a case.").

An "objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant." *Bd. of Trustees of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-2288, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016). If a discovery request seeks relevant information on its face, the objecting party bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

## DISCUSSION

I. *Interrogatory 1*

Defendant seeks the identifying information of anyone involved in responding to the interrogatories. Plaintiff objects based on relevance. In a supplemental response, however, Plaintiff states, "See Willard 0027 document production."

The Court is not in possession of the cited document. Assuming it does not comply with Defendant's request, however, the Court finds Plaintiff has not carried his burden of demonstrating why the request is irrelevant. Defendant's Motion to Compel as to Interrogatory 1 is therefore **GRANTED**. Plaintiff is ordered to supplement his response.

II. *Interrogatories 2 and 4*

Interrogatories 2 and 4 seek information related to Plaintiff's marital, family, and educational history. Plaintiff objects based on relevance and because he argues the request is not reasonably calculated to obtain admissible evidence.

Because Plaintiff seeks damages based on the loss of earning capacity and future

3

wages, any material that could bear on determining future earning capacity is relevant. Defendant's requests are therefore **GRANTED**. Plaintiff is ordered to supplement his response to Interrogatories 2 and 4.

   III.   *Interrogatories 5, 6, 8, 25, and 26*

In interrogatories 5, 6, 8, 25, and 26, Defendant seeks information related to Plaintiff's claims for actual damages, lost wages, future lost wages, lost profits, loss of earning capacity, and future lost profits. Plaintiff responds to each interrogatory by citing his response to Interrogatory 5.

In response to Interrogatory 5, Plaintiff begins by listing multiple objections—including that the requests are "overly broad[,]" and also that they seek "each and every bit of [Plaintiff's] information[.]" Def.'s Mot. to Compel, Exhibit 7 at 4 (internal quotation marks omitted). Plaintiff then states the following:

> "Actual and Financial losses due to truck being damaged and down for repairs:
>
> - Truck Repairs, Damages, Expenses:
>   - Estimate- HEA Appraisal $24,703.32
>   - Mileage, Expenses, Pay to retrieve load (May 2022) [Footnote] $7409.50
>   - Amarillo Tow bill (9/26/22) $ 750.00
>   - Amarillo Rush Truck Center (10/5/22) $2474.05
>   - Amarillo Rush Truck Center (10/20/22) $5815.97
> - TOTAL Repairs, Damages, and Expenses $41,152.84
>
> - Lost income from Unit #9973 May-Sept
>   - $10,483.97 per month $41,935.88
>
> - Lost Income from Unit #9715 May-June
>   - $11,325.92 per month $22,651.84

4

- Total Direct Financial Losses $64,587.72
(See Rule 26 Disclosures)

Had to sell truck #9715 and #9845 due to financial difficulties caused by this collision. My brother was driving truck #9715 and I had to let him go because I couldn't financially afford to pay him with only two trucks running while #9973 was down for ongoing repairs."

Plaintiff includes the following footnote:

"June 6, 2022 email sent to Corey @ RLI:
Unit 9845- Recovered load. 525 miles @3.62/mile Total: 1900.50
Unit 9715- Recovered truck 1050 miles @3.62/mile Total: 3801.00
Total Mileage: 1575       Total Cost: $5701.50
Payment to Driver: $1,708.00
Total expense to recover and deliver load due to damage to truck in May 2022: **$7,409.50**
(See WILLARD 0019)"[2]

Defendant contends the above answer is insufficient. Defendant points out that Plaintiff failed to explain (1) how he arrived at his total lost income, (2) whether Plaintiff believes he is still incurring damages as a result of the loss, or (3) why Plaintiff is claiming lost income from an unaffected truck that was not sold. Defendant further argues (4) Plaintiff should factor in the payments Defendants' insurer already paid.

In his response, Plaintiff argues that his answers are sufficient. Plaintiff states he is willing to "copy and paste Interrogatory Number 5 response into numbers 6, 8, 25, and 26."

Upon consideration, the Court agrees with Defendant. Plaintiff's responses to the above interrogatories are insufficient in each of the ways Defendant identifies. Defendant's

---

[2] The Court is not in possession of the Bates stamped document "Willard 0019."

requests are therefore **GRANTED** and Plaintiff is ordered to supplement his responses to interrogatories 5, 6, 8, 25, and 26.

IV.  *Interrogatories 7 and 9*

Among other requests, Defendant seeks information on Plaintiff's immediate supervisor, occupational title, rate of compensation, and average gross monthly earnings—both currently and over the last five years.

Plaintiff responds with a few sentences. He states that he is "still employed as a truck driver operating truck #9973" and that he leased out three trucks to "Barnes Transport."

The Court finds Plaintiff's response inadequate. Plaintiff does not provide information concerning when the trucks were leased, what wages Mr. Reynolds earned individually from each lease, the timeline of when the various trucks were purchased, what Plaintiff's title was, or any of the relevant history over the last five years. Defendant's request is therefore **GRANTED**. Plaintiff is ordered to supplement his response.

V.  *Interrogatory 10*

Defendant requests any and all evidence supporting the allegation that Mr. Reynolds knew he hit Plaintiff's truck and then fled the scene. Plaintiff responds, "See two videos produced showing [Mr.] Reynolds fleeing the scene of the collision ultimately running a red light in an attempt to escape the consequences of his actions."

Assuming no additional evidence is available, the Court finds Plaintiff's response adequate and therefore **DENIES** Defendant's request.

VI.   *Interrogatory 11*

Defendant asks for the identity of each witness Plaintiff plans to call and "a complete summary of anticipated testimony." Plaintiff responds, "[s]ee rule 26 disclosures" and "I had to let my brother…go from driving…."

Plaintiff does not provide a summary of anticipated testimony. The Court therefore **GRANTS** Defendant's request and orders Plaintiff to supplement his response.

VII.   *Interrogatories 14, 21, 23, and 24*

Defendant seeks information related to (14) the damaged truck's accident history, (21) the dates and possession-history of certain photos taken of the truck, (23) Plaintiff's narrative of events on the day of the accident, and (24) specifics as to Plaintiff's claim for diminution of value. Defendant argues Plaintiff's response to each interrogatory was insufficient.

To Interrogatory 14, Plaintiff responds that the truck was involved in an accident in Fayetteville, North Carolina, but that the damaged items were replaced. To #21, Plaintiff describes photos but does not provide the dates each photo was taken or the identity of the parties in past/current possession of those photos. To #23, Plaintiff answers, "My truck was parked in broad Daylight and [Mr. Reynolds] collided with my truck causing damage and fled the scene." To #24, Defendant states only that his truck "is worth less money now that it has been involved in a collision."

Plaintiff does not provide the date of the previous claim or the name of the carrier, as asked. Nor does he provide specific information requested in #21. Finally, Defendant's answer to #24 lacks detail. The Court finds Plaintiff's answer to Interrogatory #23 was

adequate.

Defendant's requests are therefore **GRANTED** in part and **DENIED** in part; Plaintiff is ordered to supplement his response as required herein.

VIII.   *Interrogatory 15*

Defendant asks for Plaintiff's cell phone carrier, account number, phone number, and several additional pieces of information related to his phone. Plaintiff objects based on relevance.

The Court agrees with Plaintiff and finds that the sought-after information does not reasonably bear on a material fact or issue in the case. To the extent Defendant seeks specific communications about the accident, related events, or other information contained in the cell phone, a specific request would be a more prudent and tailored option. Defendant's request is therefore **DENIED**.

IX.   *Interrogatory 18 and 19*

In Interrogatory 18, Defendant asks if Plaintiff or Plaintiff's attorneys are in receipt of any written or recorded statement that was provided by a party, witness, or third party, and is related to the accident. In Interrogatory 19, Defendant asks for any correspondence between Plaintiff and anyone acting on Plaintiff's behalf.

Concerning both interrogatories, Plaintiff objects on attorney-client privilege grounds, but also states that no such statements exist. Assuming the latter contention is true, the Court finds Plaintiff's response adequate and therefore **DENIES** Defendant's request.

It is unclear, however, the extent to which Plaintiff is asserting privilege. If

Plaintiff's counsel has withheld any information based on privilege, Plaintiff is ordered to provide a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A).[3] If Plaintiff's supplemental answer is accurate, and there is no responsive correspondence, Plaintiff is ordered to state as much, in writing, to Defendants within seven days of the filing of this order.

X.  *Interrogatory 20*

Defendant asks for specific information related to the damaged truck's inspections, findings from those inspections, associated dates, etc.

Plaintiff responds, stating only that Defendant should see "entities contained in Plaintiff's Rule 26 productions showing where repairs and inspections were conducted."

The Court finds Plaintiff's response insufficient. Defendant's request is relevant and asks for more specific information related to the truck's inspections than the information provided. Defendant's request is therefore **GRANTED**; Plaintiff is ordered to supplement his answer.[4]

---

[3] Under FED. R. CIV. P. 26(b)(5)(A), when a party asserts a privilege, "the party must 'expressly make the claim' and 'describe the nature of the documents . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.' This ordinarily is accomplished through a privilege log." *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1231–32 (D. Colo. 2010). "Generally, a privilege log is adequate if it identifies with particularity the documents withheld, [] their date of creation, author, title or caption, addressee and [] recipient, and general nature or purpose for creation." *Id.* at 1232. A "blanket objection" is improper. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541–42 (10th Cir. 1984) (holding that a blanket, non-specific attorney-client and work product privilege objection was insufficient).

[4] To the extent producing records from the investigations would answer Defendant's interrogatories, Plaintiff may supplement his response by providing said records pursuant to Fed. R. Civ. P. 33(d).

XI.   *Interrogatory 28*

Defendant asks Plaintiff to describe his decision to park where the alleged collision occurred. Plaintiff responded, "I parked where all the other tractor-trailers were parking in the wide open parking lot in broad daylight."

The Court finds Plaintiff's response adequate. Defendant's request is therefore **DENIED**.

## Requests for Production

It is unclear from the parties' briefing the extent to which Plaintiff has responded to Defendant's requests for production. Defendant does not cite which specific requests it feels were unmet. Furthermore, Plaintiff states that, "as of the date of [the] Response, Plaintiff has produced the information in his possession…", thereby implying Plaintiff is not in possession of any more relevant documents. Pl's Res. Mot. to Compel at 1. At other points, however, Plaintiff states only that it would be "burdensome" for Plaintiff to produce additional documents. *Id.* at 8.

The Court orders Plaintiff to confirm in writing the extent to which Plaintiff has already produced all known, relevant, and non-privileged documents, within seven days of this order. To the extent that responsive, non-privileged documents exist, Plaintiff must produce such documents.

The Court has further reviewed Exhibit 5, which contains Plaintiff's objections and responses to Defendant's requests for production. The Court orders as follows:

I.   Request for Production 3: Defendant's request is **GRANTED** in part; to the extent Plaintiff's tax returns contain sensitive information not pertinent to the

issue of Plaintiff's income, Plaintiff may produce redacted versions and provide Defendant with a privilege log, as described *supra*. *See Biliske v. Am. Live Stock Ins. Co.*, 73 F.R.D. 124, 126 n.1 (W.D. Okla. 1977) ("Where the litigant himself tenders an issue as to the amount of his income, there is no privilege against disclosure of his tax returns and they become legitimate subjects of inquiry under discovery procedure.").

II. Request for Production 9: The Court is not in possession of the disputed document—Defendant's Employment Authorization—and is therefore unable to rule on Plaintiff's objection at this time. The request is therefore **DENIED** without prejudice to refiling.

III. Request for Production 20: Defendant's request is **GRANTED**; Plaintiff will produce relevant driver's logs for one week both before and after the accident.

IV. Request for Production 21: Defendant's request is **GRANTED**; Plaintiff will produce the bill of lading for the load that he planned to deliver on the day of the accident.

## CONCLUSION

For the reasons outlined above, Defendant, Quest Global Inc.'s Motion to Compel Plaintiff's Responses to Quest Global, Inc's First set of Discovery Requests to Plaintiff, Nicholas G. Willard and Brief in Support [Doc. No. 21] is **GRANTED** in part and **DENIED** in part as set forth herein. **IT IS FURTHER ORDERED** that Defendant may not recover attorney fees incurred in making the motion pursuant to Fed. R. Civ. P. 37(a)(5)(A); the Court

finds Plaintiff's nondisclosures, responses, and objections were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

    **IT IS SO ORDERED** this 12th day of March 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge